Okey, J.
The proceedings in the probate court were irregular ; but if the court had jurisdiction to imprison Mrs. White, as for a contempt, on the ground that she refused to comply with the order for the payment of $975 to the receiver, there is no power to discharge her on habeas corpus, however irregular, informal or erroneous the proceedings may have been. On the other hand, if there was no power so to imprison, the order is void, and Mrs. White is entitled to be discharged on habeas corpus, and the result would be the same if the proceedings, in matter of form, had been entirely regular. Knapp v. Thomas, 39 Ohio St. 377; Wehrle v. Wehrle, 39 Ohio St. 365. The question, then, is as to the power of the probate court to imprison in such a case.
Attention has been called to the provision of the constitution (Art. 1, § 15), that “ no person shall be imprisoned for debt, in any civil action, on mesne or final process.” The harshness attending the former practice, when commitment on capias ad respondendum, or capias ad satisfaciendxim was common, doubtless led to the provision, though it should not be construed as confined to arrests upon such writs. Goshorn v. Purcell, 11 Ohio St. 641, 649. But we think the provision has no application here, for it is directed against imprisonment for debt, and neither party claimed, during the examination in the probate court, that the money in Mrs. White's hands was a debt due from her to her husband. The claim she set up. was, that she was the owner of the money by gift; and on the other hand it was contended that the transaction was fraudulent, and hence the money belonged to Thomas White.
The sections of the statute upon the subject (Rev. Stat. §§ 5464-5490), are not arranged as they were when originally enacted, though the meaning of the provisions, taken together, may be the same. The probate judge, on such examination, is authorized to order any property of the judgment debtor, *112 in tbe hands of another person, to be applied toward the satisfaction of the judgment. The judge is also authorized to appoint a receiver. Conceding that the. word property, as here used, embraces money, still there is no power under section 5481, or any other, to imprison for a refusal to obey tbe order, where the person having possession of the money claims to own it; and it will make no difference that the probate judge finds the money to belong to the judgment debtor, and that he has placed it in such person’s hands to defraud creditors.
Under our statutes, Mumper must be regarded as a subsequent creditor of Thomas White, in respect to the sale of the property and the transfer of the proceeds to Mrs. White. The fact that the action to- recover damages for the tort was then pending, makes no difference. Evans v. Lewis, 30 Ohio St. 11. And the claim of Mrs. White, that the money was a valid gift from her husband, was one which she was entitled to have tried, in regular form, by a court of equity, clothed with authority to hear and determine as to the rights of the respective parties, and to enforce the decree in the manner usual in such courts. The proceeding in the probate court was not such suit, or a substitute for it, but a proceeding sum - mary in its character, in the nature of a proceeding in rem, designed to appropriate the property of a judgment debtor, in the bauds of a third person, to the payment of the judgment, where the person having possession of the property asserts no claim to it, and voluntarily assents to such appropriation. And while the judge may order the person having the property, to deliver the same to a receiver, although the person, so having possession claims to own it, the judge has no power to enforce the order as for a contempt, however plain it may seem to him that such claim of ownership is wholly unfounded; but the receiver must resort to the ordinary remedy by action. In so holding we are supported by Union Bank v. Union Bank, 6 Ohio St. 254; Edgarton v. Hanna, 11 Ohio St. 323. Indeed, on principle, as well as by the statute (Rev. Stat. § 4948), the power of the probate judge to imprison in proceedings in aid of execution, should be strictly construed.
*113 ’Whether the judge may imprison for failure to comply with such order, where the person having, custody of the property sets up no claim to it, but concedes that it belongs to the judgment debtor, is a question which we need not determine.

Demurrer to return sustained and flai/ntiff discharged.